IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | |
|---|---|
| TERRANCE M. CARTER, | ) CASE NO. 3:19-CV-02191 |
| | ) |
| Plaintiff, | ) JUDGE JEFFREY J. HELMICK |
| | ) |
| v. | ) MAGISTRATE JUDGE |
| | ) WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) REPORT AND RECOMMENDATION |
| | ) |
| Defendant. | ) |

Before me by referral[1] is the *pro se* action of Terrance M. Carter seeking judicial review of a 2018 decision of the Commissioner of Social Security that denied Carter's application for disability insurance benefits.[2] The Commissioner has answered[3] and filed a transcript of the administrative proceedings.[4]

But despite the instructions in my procedural order concerning the filing of briefs and supporting fact sheets,[5] as well as a show cause order directing Carter to file a brief

---

[1] The matter was referred to me under Local Rule 72.2 by United States District Judge Jeffrey J. Helmick in a non-document order entered on September 25, 2019.
[2] ECF No. 1.
[3] ECF No. 9.
[4] ECF No. 10.
[5] ECF No. 11.

1

and fact sheet by January 27, 2020 or face dismissal of his action for want of prosecution,[6] Carter has only filed a fact sheet that notably does not include a statement of issues for judicial review[7] and has not filed a brief alleging any basis for judicial review of the Commissioner's decision.

As such, this matter presents precisely the same situation recently and comprehensively addressed by United Stated Magistrate Judge David A. Ruiz in *Collins v. Commissioner of Social Security* in a report and recommendation that was adopted by United States District Judge John R. Adams.[8]

There, as here, a *pro se* plaintiff in an action seeking judicial review of a negative decision by the Commissioner of Social Security failed to file a brief containing the legal issues raised and an argument in support of the plaintiff's position, despite having been ordered to do so by an order of this Court.[9] Also like here, that order specifically notified the plaintiff that failure to file a brief on the merits "could result in dismissal [of the action] with prejudice for want of prosecution."[10]

Magistrate Judge Ruiz noted further that federal district courts have the inherent power to *sua sponte* dismiss a civil action and that Rule 16(f)(1)(C) of the Federal Rule of

---

[6] ECF No. 12.
[7] See, ECF No. 13 at 2.
[8] *Collins v. Comm'r of Social Security*, 2019 WL 2359879 (N.D. Ohio April 16, 2019); report and recommendation adopted by *Collins v. Comm'r of Social Security*, 2019 WL 2359125 (N.D. Ohio June 4, 2019).
[9] 2019 WL 2359879, at *1.
[10] *Id*.

Civil Procedure specifically grants a district court to dismiss an action on its own motion for a failure to comply with a pretrial order.[11] Moreover, Rule 37 provides that the court may dismiss an action in whole or in part for failure to comply with a court order.[12] Finally, courts may dismiss without prior notice any action asserted *in forma pauperis*[13] that fails to state a claim upon which relief may be granted and when the court explicitly states that it is invoking Section 1915(e).[14]

Here, Carter was given ample notice that failure to file both a brief and the fact sheet by a date certain would render his action liable to dismissal.[15] While *pro se* litigants are entitled to have their pleadings given "liberal construction," it is also true that courts do not conduct *de novo* examinations of the administrative record in social security matters seeking to find and craft an argument on a claimant's behalf.[16] It is telling, as noted above, that in addition to failing to file a brief by the date ordered detailing any claims to be asserted, Carter also left entirely blank that portion of the fact sheet asking him for a "statement of issues for judicial review, including identification of any finding challenged as not supported by substantial evidence."[17]

---

[11] *Id*. (citations omitted).
[12] Fed. R. Civ. P. 37(b)(2)(A)(v).
[13] Carter's motion to here proceed *in forma pauperis* was granted. ECF No. 4.
[14] 28 U.S.C. § 1915(e); *Eaton-Holt v. Perrie*, 2012 WL 263385, at *1, fn. 1 (N.D. Ohio Jan. 27, 2012).
[15] ECF No. 12.
[16] *Collins*, 2019 WL 2359879, at *2 (citations omitted).
[17] ECF No. 13 at 2.

I recommend, for the reasons stated above, that the *pro se* action of Terrance M. Carter, here proceeding *in forma pauperis*, be dismissed without prejudice for failure to comply with relevant orders of this Court, for failure to prosecute and, pursuant to Section 1915, for failure to state a claim on which relief may be granted.

IT IS SO RECOMMENDED.

Dated: July 8, 2020                                                    s/William H. Baughman Jr.
                                                                                                                             United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[18]

---

[18] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).